COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Bradley Robert Eddington v. The State of Texas

Appellate case number:     01-21-00424-CR

Trial court case number:    18-CR-2578

Trial court:                       212th District Court of Galveston County

Appellant, Bradley Robert Eddington, filed a notice of appeal from the trial court's June 29, 2021 Judgment Adjudicating Guilt. The clerk's record was filed on September 3, 2021, however, no reporter's record was filed. The clerk's record reflects that appellant has retained Joseph F. Vinas, of Vinas & Graham, PLLC as counsel of record. The court notified appellant, through counsel, that unless appellant made arrangements to pay for the preparation of the reporter's record, the Court would require appellant to file his brief without a reporter's record.

Appellant did not respond to the Court's notice. Accordingly, on August 25, 2022, the Court notified appellant that his brief was due on or before September 26, 2022. *See* TEX. R. APP. P. 38.6(a). However, no brief was filed. On October 19, 2022, the Clerk of this Court notified appellant that the time for filing his brief had expired and, unless the Court received a motion for an extension of time, with appellant's brief, or a motion for an extension of time to file appellant's brief by October 31, 2022, the Court would be required to order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3); *see also id.* 10.5(b). Appellant has not filed a brief or otherwise responded to the Court's notice.

Accordingly, we **abate** the appeal and remand for the trial court to conduct a hearing, within thirty days of the date of this order, at which a representative of the Galveston County District Attorney's Office and appellant's counsel, Joseph F. Vinas, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the

hearing by closed-circuit video teleconferencing.[1]  The trial court shall also have a court reporter present to record the hearing.

The trial court is directed to:

(1)  determine whether appellant wishes to prosecute the appeal;

(2)  determine whether counsel, Joseph F. Vinas, has abandoned the appeal;

(3)  if counsel has not abandoned the appeal, inquire of counsel the reasons, if any, that he has failed to file a brief and set a date by which counsel will file a brief, not later than 30 days from the date of the hearing.

(4)  if counsel has abandoned this appeal, enter an order relieving him of his duties as appellant's counsel, including in the order the basis for a finding of abandonment, and determine whether appellant is indigent; and:

(a) if indigent, appoint new appellate counsel at no expense to appellant and set a date by which counsel will file a brief, no later than 30 days from the date of the hearing; or

(b) if not indigent, admonish appellant of the dangers and disadvantages of self-representation and

i.  determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date by which the brief is due, no later than 30 days from the date of the hearing; or,

ii.  if appellant does not wish to proceed pro se, set a date by which appellant must hire an attorney, no later than 30 days from the date of the hearing;

(5)  make any other findings and recommendations the trial court deems appropriate; and

(6)  enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f), 26.04(j)(2); TEX. R. APP. P. 38.8(b); *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's order, findings, and recommendations with this Court no later than forty-five days from the date of this order.  The court reporter is directed to file the reporter's record of the hearing no later than forty-five days from the date of this order.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket.  The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

It is so ORDERED.

Judge's signature: _____/s/ Amparo Guerra_____
                         ☑ Acting individually    ☐ Acting for the Court

Date: ___January 10, 2023_____